UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LAMAR COLEMAN,

    Petitioner,

v.

                                                Case Number 11-11890
                                                Hon. Thomas L. Ludington

MICHIGAN DEPARTMENT OF
CORRECTIONS and MICHIGAN
PAROLE BOARD,

    Respondents.
_____/

**<u>OPINION AND ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS</u>**

Petitioner Lamar Coleman, presently confined at the Alger Maximum Correctional Facility in Munising, Michigan, has filed a pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner's habeas application does not disclose his conviction. However, the Michigan Offender Tracking Information System (OTIS), which this Court is entitled to take judicial notice of, *See Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821 n.3 (E.D. Mich. 2004), reflects that Petitioner is serving a sentence of twelve to forty years in prison for armed robbery, Mich. Comp Laws § 750.529; and a consecutive two year sentence for possession of a firearm in the commission of a felony ("felony-firearm"), Mich. Comp Laws § 750.227b. Petitioner alleges in his habeas petition that employees of the Michigan Department of Corrections (M.D.O.C.) have placed false

---

[1] The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner would be the warden of the facility where the petitioner is incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254. Normally, the Court would order that the caption of the case be amended to reflect that the proper respondent in this case is Catherine S. Bauman, the warden of the Alger Maximum Correctional Facility, the current location of petitioner. However, because the petition will be summarily denied, it is unnecessary to amend the caption.

information in his prison file designating him as a "predator." Petitioner claims that this "predator" designation has prevented him from being transferred to a prison with a lower security level. Petitioner asks this Court to order the M.D.O.C. to show cause why Petitioner has not been housed in a Level II security prison. Petitioner also seeks an order notifying the Michigan Parole Board that the "predator" designation in Petitioner's prison file is erroneous. Lastly, Petitioner seeks an order to have the Michigan Parole Board show cause that they have not used the "predator" designation to deny him parole.

I.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that Petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that Petitioner is not entitled to relief, the Court must summarily dismiss the petition. Rule 4; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.1970) (stating that the district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that Petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir.1999). No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

The instant petition is subject to summary dismissal because Petitioner is challenging the conditions of his confinement. Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *See also Rogers v. Detroit Police Dept.*, 595 F. Supp. 2d 757, 767 (E.D. Mich. 2009). However, habeas corpus is not available to prisoners who are complaining only of mistreatment during their legal incarceration. *See Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). Claims which challenge the conditions of confinement should be brought as a civil rights complaint pursuant to 42 U.S.C.§ 1983. *Id.*, *see also Austin v. Bell*, 927 F. Supp. 1058, 1066 (M.D. Tenn. 1996).

Petitioner's request to have the "predator" designation removed from his prison file should be brought as a civil rights complaint pursuant to 42 U.S.C. § 1983 because the relief that Petitioner seeks is not release from incarceration, but the removal of information from his prison file. *Johnson v. CCA-Northeast Ohio Correctional Center Warden*, 21 F. App'x 330, 332 (6th Cir. 2001) (state prisoner was not required to obtain certificate of appealability to appeal dismissal of pro se habeas action in which he requested that allegedly false disciplinary report be expunged from his prison file, inasmuch as complaint when liberally construed was best read as raising claim for alleged civil rights violation under § 1983). Moreover, Petitioner's challenge to his security classification is likewise a challenge to a condition of confinement that is non-cognizable in habeas review. *See Cohen v. Lappin*, 402 F. App'x 674, 676 (3d Cir. 2010) (federal prisoner's challenge to his security designation and custody classification could not be brought under federal general habeas statute, since it did not challenge basic fact or duration of his imprisonment, and would be more

-3-

appropriately brought in a *Bivens* action).

The proper course for a district court after it determines that the substance of a state prisoner's pro se habeas petition is a subject more appropriately reached under 42 U.S.C. § 1983 is to dismiss the petition without prejudice to allow petitioner to raise his potential civil rights claims properly as a § 1983 action. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Accordingly, the Court will dismiss the instant petition without prejudice.

II.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner has made a substantial showing of the denial of a constituional right if reasonable jurists could find the Court's conclusions debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Petitioner is not entitled to a certificate of appealabilty, because jurists of reason would not find the Court's conclusion with respect to his habeas petition debatable. The Court further concludes that Petitioner should not be granted leave to proceed in forma pauperis on appeal, as any appeal would be frivolous. See Fed.R.App. P. 24(a).

III.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus [Dkt # 1] is **DISMISSED WITHOUT PREJUDICE.**

It is further **ORDERED** that a certificate of appealability is **DENIED.**


It is further **ORDERED** that permission to proceed in forma pauperis on appeal is **DENIED.**

        s/Thomas L. Ludington
        THOMAS L. LUDINGTON
        United States District Judge

Dated: May 12, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record by electronic means and upon Lamar Coleman, #117612, at Alger Maximum Correctional Facility, Industrial Park Drive, P.O. Box 600, Munising, MI 49862 by first class U.S. mail on May 12, 2011.

        s/Tracy A. Jacobs
        TRACY A. JACOBS